OPINION
{¶ 1} Defendant-appellant Ohio Motor Vehicle Dealers Board appeals from the December 7, 2004, Judgment Entry of the Stark County Court of Common Pleas reversing defendant-appellant's decision to vacate plaintiff-appellee Krider Satellite Used Car's motor vehicle dealer's license.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Plaintiff-appellee Robert J. Krider is the owner of a used car lot, Krider's Satellite Used Cars, which is located at 11295 Lincoln Street in Robertsville, Ohio. In December of 2003, Nancy House, an investigator with the Bureau of Motor Vehicles, conducted an investigation of Krider's Satellite Used Cars and found a number of violations. As a result, appellant Ohio Motor Vehicle Dealers Board sent Robert Krider a letter dated January 5, 2004, advising him of the specific violations and giving him thirty days to come into compliance or face revocation of his motor vehicle dealer's license.
 {¶ 3} Thereafter, on February 1, 2004, Krider sent a letter to appellant Motor Vehicle Dealers Board stating, in relevant part, as follows: "In regard to your letter Jan. 5, 2004, all the complaints were for the wrong building. Your agent never was told I was putting the car office in that building. The violations are for 11303 Lincoln. The car business office is 11295 Lincoln always has been since day one."
 {¶ 4} Subsequently, on February 25, 2004, Nancy House conducted another investigation at 11295 Lincoln Street and found that the same violations still existed. Pursuant to a letter dated March 15, 2003,[1] appellant Motor Vehicle Dealers Board advised Krider of his right to request a formal hearing to determine if his motor vehicle dealer's license should be suspended or revoked due to the violations. In response, Krider requested a hearing via a letter dated March 29, 2004. Krider, in his letter, indicated that he had corrected the violations since Nancy House's last inspection.
 {¶ 5} A hearing was held on August 12, 2004. At the hearing, Krider once again claimed that Nancy House, during her inspection in December of 2003 had inspected the wrong location and also indicated that he had corrected all of the alleged violations and was in compliance.
 {¶ 6} Thereafter, appellant Motor Vehicle Dealers Board, on August 26, 2004, issued an adjudication order revoking the license issued to appellee Krider Satellite Used Cars.
 {¶ 7} Subsequently, on September 8, 2004, appellee filed a Notice of Appeal with the Stark County Court of Common Pleas. After both parties filed briefs, the trial court, as memorialized in a Judgment Entry filed on December 7, 2004, reversed the decision of appellant Motor Vehicle Dealers Board. The trial court, in its entry, stated, in relevant part, as follows:
 {¶ 8} "A field investigation was conducted involving the license in question. Unfortunately, the investigator inspected the wrong location and not the location identified on the license. The inspector made a finding of numerous deficiencies. However, many of these deficiencies were for the wrong location. The inspector did not clarify or re-write the inspection report. The report, on its face, is incorrect. In its response brief, the Board tacitly admits that the inspector viewed the wrong location. Therefore, the license holder never had a proper inspection report performed on the property in question. It was not until the second inspection in February that the inspection clearly related only to the licensed property. The license holder immediately remedied the situation after the proper inspection on February 25, 2004.
 {¶ 9} "The Court finds that the decision of the Board constitutes an abuse on discretion and is contrary to law. The Court further finds that the action of the Board is not supported by reliable, probative, and substantial evidence. In large part, the action of the Board was based on an inspection of an incorrect location. The inspector never corrected the improper location items nor corrected the inspection report to include only the correct property. Thus the report was in error."
 {¶ 10} Appellant now raises the following assignment of error on appeal:
 {¶ 11} "COMPLIANCE WITH THE RULES OF THE OHIO MOTOR VEHICLE DEALER'S BOARD BY THE LICENSE HOLDER PRIOR TO THE ADJUDICATION HEARING DOES NOT NEGATE THE BOARD'S AUTHORITY TO IMPOSE DISCIPLINE FOR THOSE VIOLATIONS."
 I {¶ 12} Appellant, in its sole assignment of error, argues that the trial court erred in concluding that appellant Motor Vehicle Dealers Board abused its discretion in disciplining appellee for violations which were ultimately corrected.
 {¶ 13} R.C. 4517.33 states in part: "The board may suspend or revoke any license if the licensee has in any manner violated the rules issued pursuant to sections 4517.01 to 4517.65 of the Revised Code, or has violated section 4501.02 of the Revised Code, or has been convicted of committing a felony or violating any law that in any way relates to the selling, taxing, licensing, or regulation of sales of motor vehicles." (Emphasis added). Appellant argues, and appellee does not dispute, that appellant Motor Vehicles Dealer's Board had authority, pursuant to such section, to revoke Krider's license even though, by the time of the August 12, 2004, hearing, Krider had undisputedly remedied the violations.
 {¶ 14} However, contrary to appellant's assertion, the trial court did not conclude that appellee Motor Vehicle Dealer's Board revoked appellee's license for violations which were ultimately corrected. Rather, the trial court, in its decision, specifically found that the initial investigation in December of 2003 was at an incorrect location and also found that, "in large part" the action of the Board was based on an inspection of an incorrect location. The trial court concluded that appellant's decision to revoke appellee's license was not supported by reliable, probative and substantial evidence. Appellant seems to set forth in its brief that both inspections were conducted at the correct location, but appellant did not specifically assign as error the trial court's factual finding that the inspection was at the wrong location. Therefore, we cannot address such issue on appeal and must affirm the decision of the trial court.
 {¶ 15} Based on the foregoing, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Boggins, P.J. concurs Hoffman, J. concurs separately.
[1] The letter was incorrectly dated 2003 when it clearly should have read 2004.