OPINION
{¶ 1} Appellant, Janich Hald, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his appeal from a decision of the Unemployment Compensation Review Commission ("Commission") that denied his application for unemployment benefits. For the following reasons, we affirm that judgment.
 {¶ 2} In 2006, the Renaissance Hotel Management Company ("Renaissance") terminated appellant's employment. Appellant subsequently applied for unemployment *Page 2 
benefits. The Director of the Ohio Department of Job and Family Services allowed appellant's application for benefits, determining that Renaissance terminated appellant's employment without just cause. Renaissance appealed that decision to the Commission. After a hearing, the Commission determined that Renaissance had just cause to terminate appellant's employment. Based on that finding, the Commission ruled that appellant was not entitled to unemployment benefits and, therefore, disallowed his application for benefits.
 {¶ 3} On April 27, 2007, appellant appealed the Commission's decision to the Franklin County Court of Common Pleas. The Franklin County Clerk of Courts Office issued a briefing schedule that required appellant to file his brief no later than July 6, 2007. On July 24, 2007, the Commission filed a motion to dismiss appellant's appeal for his failure to prosecute pursuant to Civ. R. 41(B)(1). The Commission requested dismissal due to appellant's failure to timely file a brief in accordance with the court's briefing schedule. Appellant did not respond to the Commission's motion. On August 20, 2007, the trial court dismissed appellant's appeal.
 {¶ 4} Appellant appeals and assigns the following errors:
 I. It was error for the Unemployment Compensation Review Commission to admit hearsay evidence into the record to the detriment of Appellant.
 II. It was error for the Unemployment Compensation Review Commission to record an untrue, incorrect and incomplete Transcript of Testimony, thereby denying Appellant due process of law, and to certify that the Transcript of Testimony was a true and correct copy of the proceedings.
 III. It was error for the Unemployment Compensation Review Commission to admit a forged document submitted by Appellee Renaissance, its agents and employees that perpetrated fraud to the detriment of Appellant. *Page 3 
 {¶ 5} Appellant appeals the trial court's judgment dismissing his appeal. However, none of his three assignments of error challenge the trial court's dismissal of his case. The assignments of error all address alleged errors by the Commission. Because appellant has not challenged the trial court's dismissal of his administrative appeal, we must affirm the trial court's decision. See Krider v. Ohio Motor VehicleDealer's Bd., Stark App. No. 2004CA00392, 2005-Ohio-4595, at ¶ 14.
 {¶ 6} Appellant has not shown that the trial court erred. His three assignments of error are moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 SADLER and FRENCH, JJ., concur. *Page 1